FILED & ENTERED

DEC 2 8 2005

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

ANGEL SANTOS PEREZ                  :      CASE NO. 04-13102(SEK)

    DEBTOR                          :      CHAPTER 13
-----------------------------------

## OPINION AND ORDER

Before this Court is secured creditor, Banco Santander's ("Santander"), request for reconsideration of our order confirming the plan and for additional findings of facts. For the reasons that follow, we grant the motion for reconsideration and enter certain additional findings of fact, vacate our order confirming the plan and schedule a new hearing for confirmation of the plan.

### Background

Santander is the holder of a mortgage note payable on demand in the amount of $60,000, plus interest of 10%. Its payment is secured by a second mortgage encumbering Debtor's residence.

Santander objected to the confirmation of the plan stating, failing to provide for the payment of post petition interest on its allowed claim.

At the confirmation hearing we held that to request post-petition interest under Code §506(b), Santander had to state that there is equity in the property, and that allegation was not included in its objection to confirmation. Therefore, the objection was denied and the plan was confirmed. S a n t a n d e r requests that we reconsider this based on three additional findings of fact found in the record showing it is entitled to the post petition interest it claims. These are: first, that on date of



2

confirmation date Banco Santander had a duly filed proof of claim detailing accrued interest through the petition date supported by a title study as of September 8, 2004, showing that Debtor's Valparaiso property was encumbered with a second mortgage in the principal amount of $60,000.00 to its order, accruing interest at 10% per annum; second, that at confirmation date, based upon the undisputed fact that Debtor's property was worth $230,000, there was sufficient equity for the payment of interest on its claim, because the first mortgage was reduced to $137,000; third, that at confirmation date, Santander objected to confirmation claiming that Debtor's plan failed to provide for post-petition interest.

Debtor opposes reconsideration of the confirmation order arguing Santander's claim did not request post-petition interest, thus, it should not be allowed.

### Discussion



As a general rule, unmatured interest on a claim does not accrue post petition. As an exception to this rule, under Code § 506(b), an oversecured creditor is entitled to post-petition interest on its claim. A creditor is oversecured when its claim is for an amount less than the value of the property securing its payment. Post-petition interest accrues under § 506(b) until confirmation or the effective date of the plan and reaches its maximum when it equals the collateral's value. Rake v. Wade, 505 U.S. 464, 471; 113 S.Ct. 2187 (1993). Furthermore, senior mortgagees are entitled to post-petition interest before junior

3

mortgagees may collect principal from the same security. 4 <u>Collier on Bankruptcy</u>, ¶506.04[5](15 ed. rev.); <u>In re Maimone</u>, 41 B.R. 974, 982 (Bankr. D.N.J. 1984), citing <u>American Iron & Steel Mfg. Co. v. Seaboard Air Line Railway</u>, 233 U.S. 267; 34 S.Ct. 502 (1914).

Here, the record shows that Santander holds a second mortgage over property valued at $230,000 encumbered by a first mortgage in favor of Citibank for $137,000, a second mortgage in favor of Santander for $78,056 and junior liens in favor of the P.R. Treasury Department and IRS. During the confirmation hearing Santander attempted to establish the existence of equity. At that moment, we were not certain of the existence of any equity in the property that would allow such interest, and since, Santander failed to state it in its motion, we denied the Bank's objection. However, after reviewing the record and applicable law, we agree that Santander is an oversecured creditor entitled to post-petition interest.[1]

The fact that junior liens exist in favor of Treasury and the IRS does not affect the payment of post petition interest on



---

[1] F.R.B.P. 9023 provides F.R.C.P. 59 "...Amendment to Judgments" applies in cases under the code. <u>National Metal Finishing Co. v. Barclays American/Commercial, Inc.</u>, 899 F.2d 119, 123 (1st Cir. 1990), explains that "its purpose is to permit the correction of manifest errors of law or fact that are discovered, upon reconsideration, by the trial court. Under the rule, the trial course is the first recourse for the correction of errors. If the errors, in its opinion, require the reversal of the first judgment, we see no good reason why it should remain shackled to that judgment."

4

Santander's allowed claim, even though it may consume the equity that would otherwise go to pay the principal due to junior lien creditors. Furthermore, the issue raised briefly at the hearing concerning the deduction of Debtor's exemption in the encumbered residence to determine the existence of equity is not supported by the law in a § 506 context. See In re Orsa Associates, Inc., 106 B.R. 418, 428-429 (Bankr. E.D. Pa. 1989).

Finally, debtor alleges that Santander's original claim fails to request post-petition interest.[2] Although a secured creditor is advised to file a proof of claim with respect to post-petition interest, fees, costs and charges, it is not a requirement under the Code and Rules. 4 Collier on Bankruptcy, ¶506.04[6] (15 ed. rev.). See also, In re Monclova, 254 B.R. 167, 175 (Bankr. N.D.Ohio 2000). Furthermore, Santander did file a timely objection to the confirmation of the plan and raised the issue at the confirmation hearing.

Therefore, we grant Santander's motion to reconsider our order confirming the plan dated May 24, 2005 and the same is hereby vacated. As to the request for additional findings of fact, we grant the Second and Third proposed facts and deny the First one, as it is irrelevant to the reason why the plan was confirmed in the first place. We order the Clerk to reschedule the hearing on



---

[2]Anyhow, Santander filed amended claim #16 requesting post-petition interest in the amount of $30,000.

5

confirmation during the month of January 2006 and give immediate notice of this new hearing.

SO ORDERED, in San Juan, Puerto Rico, on December 28, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge